UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
                                   )
**MICHAEL EASON,**                 )
                                   )
    **Plaintiff,**    )
                                   )
    **v.**            )    **Civil Action No. 12-11779**
                                   )
**MARRIOTT INTERNATIONAL, INC.,**  )
                                   )
    **Defendant.**     )
                                   )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                        **May 28, 2014**

### I.    Introduction

Defendant Marriott International, Inc. ("Marriott") has renewed its motion for summary judgment on the single negligence claim of the Plaintiff Michael Eason ("Eason")'s complaint. D. 32. For the reasons discussed below, the Court ALLOWS the motion.

### II.    Factual Allegations

These facts are as represented in Marriott's Statement of Material Facts, D. 33, and undisputed by Eason, D. 35, unless otherwise noted. On September 16, 2009, Eason reserved a room at the Boston Marriott Burlington Hotel ("the Hotel"). D. 33 ¶ 1; D. 35 ¶ 1. Eason checked into the Hotel around 8:00 p.m. D. 33 ¶ 4; D. 35 ¶ 4. Upon arrival to his room, Eason and his guest opened the door and stepped into the room. D. 33 ¶ 7; D. 35 ¶ 7. The room was dark except for light coming from the door, which was partially open, and a small gap in the

1

curtains at the opposite end of the room.  D. 33 ¶ 8; D. 35 ¶ 8.  When Eason first entered the room, he could see only above a wet bar, located in the entryway, and a clear spot in front of him.  D. 33 ¶ 9; D. 35 ¶ 9.  Eason proceeded farther into the room and the room door closed behind him, leaving the room in darkness.  D. 33 ¶ 10; D. 35 ¶ 10.  Eason then took another step forward into the foyer area.  Plaintiff's Statement of Materials Facts, D. 35 at 5, ¶ 8.  Eason tripped and fell over a coffee table and sustained injuries.  D. 33 ¶ 14; D. 35 ¶ 14.

## III.  Procedural History

Eason initiated this lawsuit in Middlesex Superior Court in Massachusetts on or about September 4, 2012.  D. 1-1 at 1.  The case was removed to this Court on September 25, 2012.  D. 1.  Marriott moved for summary judgment on November 21, 2012.  D. 16.  The Court denied the motion without prejudice to be renewed at the close of discovery.  D. 29.  After the close of discovery, Marriott renewed its motion for summary judgment.  D. 32.  After a hearing on May 1, 2014, the Court took the matter under advisement.  D. 41.

## IV.  Standard of Review

The Court may grant summary judgment when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law based on the undisputed facts.  Fed. R. Civ. P. 56(a).  The moving party "need only show that there is an absence of evidence in support of at least one element of the plaintiff's case in[] order to succeed on summary judgment."  Cellco P'ship v. Town of Grafton, Mass., 336 F. Supp. 2d 71, 82 (D. Mass. 2004).

Once the moving party meets its burden of showing that there are no genuine issues of material fact, "the burden shifts to the nonmoving party, who must, with respect to each issue on which []he would bear the burden of proof at trial, demonstrate that a trier of fact could

reasonably resolve that issue in [his] favor" through specific admissible facts. Borges ex. rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010) (citations omitted). "If the nonmovant fails to make this showing, then summary judgment is appropriate." Id. (citation omitted).

The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009) (citation omitted).

## V. Discussion

### A. Marriott Did Not Owe the Plaintiff a Duty of Care In These Circumstances

To succeed on his negligence claim, Eason must show that Marriott owed him a legal duty, the defendant's breach of which caused his injury. O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000) (citation omitted). "Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court, to be determined by reference to the existing social values and customs and appropriate social policy." Id. While a landowner has a duty to lawful visitors of its property to maintain reasonably safe conditions and to warn of unreasonable dangers, landowners "are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from blatant hazards. . . Stated otherwise, where a danger would be obvious to a person of ordinary perception and judgment, a landowner may reasonably assume that a visitor has knowledge of it . . . ." Id. (citations omitted). An "open and obvious danger obviates not only the duty to warn but also 'operates to negate the existence of a duty of care.'" Ogni v. Schlien, 72 Mass. App. Ct. 1104, at *2 (June 26, 2008) (unpublished) (quoting O'Sullivan, 431 Mass. at 206).

3

The Court concludes, as have Massachusetts courts, that "traversing unfamiliar terrain in complete darkness [is] an open and obvious danger," Ogni, 72 Mass. App. Ct. at *2, and therefore, summary judgment in favor of Marriott is appropriate. See also Benton v. Watson, 231 Mass. 582, 584 (1919) (holding that defendant was not liable for negligence as a matter of law because plaintiff "knew and appreciated [] the nature and degree of darkness, [] was not misled by an act or omission of the defendants, and [] knew, as all men of ordinary experience must know, that one who walks in the total darkness of a strange hall is likely to encounter obstructions to his passage and pitfalls to his feet"). Here, the undisputed facts show that upon arrival at the hotel room, Eason entered the room, which was dark "except for light coming from the partially open door and a small gap in the curtains at the opposite end of the room." D. 33 at 3, ¶¶ 7–8; D. 35 at 3, ¶¶ 7–8. Eason proceeded to walk farther into the room and the door closed behind him, leaving the room in darkness. Id. ¶ 10. Still – by Eason's own admission – even though he saw only what "appeared to be" a lamp upon entering the room, D. 35 at 6, ¶ 12, he continued to step further into the foyer area after the room had become completely dark. Id. ¶ 8. As in Ogni, where the plaintiff traversed a "pitch black" backyard he had never before visited, 72 Mass. App. Ct., at *2, and Benton, where the plaintiff walked around in a completely dark room, 231 Mass. at 583–84, here, despite the total darkness in the hotel room, Eason nevertheless continued to proceed farther into the room and then tripped over a coffee table. D. 35 at 5, ¶ 8. Although Eason contends that a wet bar in the entranceway prevented him from seeing portions of the aisle leading into the room, D. 35 at 8, the Court concludes that the danger of tripping over furniture upon venturing into a dark hotel room is open and obvious. Further, Eason has directed the Court to no evidence suggesting that he was otherwise familiar with the layout of the

Marriott's hotel rooms such that he would expect certain furniture to be placed in specific locations in the room.

While Eason cites Tetrault v. Ghibellini, 316 Mass. 477 (1944), in support of his position, that case is inapposite. In Tetrault, the court found that the defendant induced the plaintiff to go through the wrong door in directing him to the restroom, resulting in the plaintiff's falling into a grease pit, and having invited him to do so, the defendant owed the plaintiff a duty of reasonable care. Id. at 479. That is not the case here. A person of average intelligence would expect that a hotel room would contain furniture that may not be visible in darkness.

Therefore, there is no genuine dispute of material fact as to whether Marriott owed Eason a duty of care and summary judgment in favor of Marriott is appropriate.

### B. There Is No Admissible Evidence on This Record that the Named Defendant Controlled the Premises on Which Plaintiff Was Injured

Marriott further argues that summary judgment is also appropriate on the grounds that Eason has not produced evidence that Marriott International, Inc., the named Defendant, controlled the premises where Eason was injured. D. 33 at 9.

"Liability for injury or damage caused by the dangerous or defective condition of premises depends upon control of the offending instrumentality, either through ownership or otherwise." Marsden v. Eastern Gas & Fuel, 7 Mass. App. Ct. 27, 29 (1979) (quoting Frizzell v. Metropolitan Coal Co., 298 Mass. 189, 191 (1937)) (quotations omitted). Here, Marriott has presented admissible evidence, by way of an affidavit from the Assistant Secretary of Marriott Hotel Services, Inc., stating that Marriott Hotel Services, Inc. "had day-to-day responsibility for the management of the hotel" and that the named Defendant "Marriott International, Inc. never owned, operated or otherwise controlled the Boston Marriott Burlington Hotel." Affidavit of Chanel Maelia Bradden, D. 33-2 at 2. The only evidence Eason offers to refute these statements

5

is printouts of the Marriott.com webpage, which Eason contends is evidence that "Marriott International, Inc., through its webpage, controls and manages guest reservations." D. 35 at 6, ¶ 16; see also id. ¶¶ 14–18. Eason has not demonstrated how Marriott International's role in the advertising and online facilitation of hotel reservations amounts to control of the hotel room where he incurred injury. Accordingly, there is no genuine dispute of material fact that the Defendant Marriott did not control the premises where Eason was injured.

## VI. Conclusion

For these reasons, the Court ALLOWS Marriott's renewed motion for summary judgment, D. 32.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge